IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BARRY DONOHOO,

                           Plaintiff,                                                    ORDER

         v.
                                                                                      14-cv-309-wmc

DOUG HANSON *et al.*,

                           Defendants.

---

On June 2, 2016, the clerk of court awarded $975.25 in costs against plaintiff Barry Donohoo.  Before the court is plaintiff's motion for review of that award (dkt. #111), in which Donohoo contends that the clerk should not have awarded any costs.  In response, defendant argues that plaintiff's motion should be denied outright as untimely.  After reviewing the parties' arguments, the court will deny plaintiff's motion both because it is untimely *and* because it lacks merit.

As an initial matter, plaintiff filed his motion for review of costs 4 days after the deadline for doing so.  Under Fed. R. Civ. P. 54(d)(1), a motion for review of costs must be served within 7 days of the clerk's decision on costs.  The clerk entered the order on costs on June 2, 2016, making the motion for review due on June 9.  Plaintiff did not file his motion for review of costs until June 13.  Plaintiff concedes that his motion was four days late, but explains that:  (1) he was having trouble with his email in early June, so he apparently did not see the court's electronic CM/ECF notice regarding the clerk's decision on costs; and (2) he thought that because he also received notice in the mail, he could have an extra 3 days to file an objection.  Neither of these excuses is sufficient to demonstrate "good cause" or "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B) sufficient to warrant an extension of the deadline for seeking review.  *See Pioneer Investment Services Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 395 (1993)

(discussing factors relevant to good cause and excusable neglect analysis).  By registering for CM/ECF, plaintiff agreed to receive notice of court orders electronically, meaning it was his responsibility to check his email regularly for court notices and abide by its timing rules. Although plaintiff received a paper copy of the order as a courtesy, nothing on the paper copy or in the federal rules suggested to plaintiff that he could have additional time to request review.

Even if timely, plaintiff's challenges to the bill of cost are meritless.  *First*, he argues that defendants failed to attach an affidavit to the bill of costs as required by 28 U.S.C. § 1924.  As the clerk of court explained already (dkt. #105), however, the Declaration of Bill of Costs filed by defendant's attorney (dkt. #87) satisfies the requirements of § 1924.

*Second*, he argues that defendants should not have been reimbursed for $595.15 for deposition transcripts because they could have obtained a free electronic copy of the transcripts, and they did not end up using the depositions at summary judgment.  Under 28 U.S.C. § 1920, however, costs may be taxed for "printed or electronically recorded transcripts necessarily obtained for use in the case."  The transcripts about which plaintiff complains are transcripts from depositions of the *named* defendants -- depositions taken by plaintiff.  Most competent defense counsel order transcripts of the depositions of their own clients.  Even if defendants had no intention of relying on the deposition transcripts for their initial summary judgment filings, defense counsel certainly knew that plaintiff *would* rely on the transcripts and needed to prepare accordingly.  Indeed, plaintiff *did* rely on those transcripts in his opposition materials, and defendants cited to the deposition transcripts in their reply materials.  Accordingly, there is no question the transcripts were "necessarily obtained for use in the case."

Plaintiff's *third* and final objection relates to the cost of copying fees.  He states that defense counsel copied and mailed several copies of documents to him, even though plaintiff had offered to review documents in person.  This objection is also overruled.  The clerk of court

already reduced by half the amount claimed for copying fees, and the court is satisfied that this reduction is appropriate *and* sufficient.

ORDER

IT IS ORDERED that plaintiff Barry R. Donohoo's motion for review of taxation and costs (dkt. #111) is DENIED and the clerk's taxation is AFFIRMED.

Entered this 4th day of April, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge